MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

ANDREW J. ENTWISTLE *(pro hac vice* forthcoming*)*
aentwistle@entwistle-law.com
VINCENT R. CAPPUCCI *(pro hac vice* forthcoming*)*
vcappucci@entwistle-law.com
JONATHAN H. BEEMER *(pro hac vice* forthcoming*)*
jbeemer@entwistle-law.com
JESSICA A. MARGULIS *(pro hac vice* forthcoming*)*
jmargulis@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
299 Park Avenue, 20th Floor
New York, NY  10171
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

*Counsel for Proposed Lead Plaintiffs*
*the Water Island Funds and*
*Proposed Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILLIP KRIEGER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PATTERN ENERGY GROUP INC., ALAN R. BATKIN, MICHAEL MORGAN GARLAND, EDMUND JOHN PHILIP BROWNE, PATRICIA M. NEWSON, MONA K. SUTPHEN, RICHARD A. GOODMAN and DOUGLAS G. HALL,<br><br>Defendants. | Case No.  3:19-cv-8437<br><br>Hon. Richard Seeborg<br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION OF THE WATER ISLAND FUNDS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL, CONSOLIDATION OF SUBSEQUENTLY FILED, REMOVED OR TRANSFERRED RELATED ACTIONS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:   April 16, 2020<br>Time:  1:30 pm<br>Place:  Courtroom 3, 17th Floor |

# <u>TABLE OF CONTENTS</u>

I.  PRELIMINARY STATEMENT ......................................................................3

II.  STATEMENT OF FACTS..........................................................................5

III.  THE WATER ISLAND FUNDS SHOULD BE APPOINTED LEAD
PLAINTIFFS ...............................................................................................7

    A.  The Water Island Funds' Motion Is Timely ........................................7

    B.  The Water Island Funds Have The Largest Financial Interest In
The Relief Sought By The Class.............................................................8

    C.  The Water Island Funds Satisfy The Requirements of Rule 23 ..........8

    D.  The Water Island Funds Satisfy the PSLRA's Preference for
Institutional Leadership ......................................................................11

IV.  THE COURT SHOULD APPROVE THE WATER ISLAND FUNDS'
SELECTION OF CO-LEAD COUNSEL ....................................................12

V.  THE COURT SHOULD CONSOLIDATE ALL SUBSEQUENTLY
FILED, REMOVED OR TRANSFERRED RELATED ACTIONS............13

VI.  CONCLUSION ...........................................................................................14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Felix v. Symantec Corp.*,
4
    No. 18-02902 WHA, 2018 WL 4029053 (N.D. Cal. Aug. 23, 2018)............13

5

*Hanon v. Dataproducts Corp.*,
6
    976 F.2d 497 (9th Cir. 1992).........................................................................9

7

*Hardy v. MabVax Therapeutics Holdings*,
    No. 18-cv-01160, 2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)...................14
8

9

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002).......................................................................8
10

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
11
    136 F. Supp. 3d 1159 (C.D. Cal. 2015).......................................................9

12

*Pace v. Quintanilla*,
13
    No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766 (C.D. Cal. Aug.
    19, 2014).....................................................................................................11
14

15

*Petersen v. Costco Wholesale Co., Inc.*,
    No. SA CV 13-1292-DOC (JCGx), 2016 WL 6768911 (C.D. Cal.
16
    Nov. 15, 2016)..............................................................................................9

17

*Schriver v. Impac Mort. Holdings*, Inc.,
18
    No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2,
    2006).............................................................................................................8
19

20

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) ...........................................................9, 10
21

**Statutes**
22

23
15 U.S.C. § 78u-4(a)(3)(A) .......................................................................................7

24
15 U.S.C. § 78u-4(a)(3)(B)..................................................................................1, 7

25
15 U.S.C. § 78u-4(a)(3)(B)(i) ...............................................................................2, 3

26
15 U.S.C. § 78u-4(a)(3)(B)(iii)...........................................................................passim
27

28

1

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................3, 5, 12

2

15 U.S.C. § 78u-4(a)(l) ...........................................................................7

3

**Rules**

4

Fed. R. Civ. P. 23..................................................................................2, 4

5

Fed. R. Civ. P. 23(a)(3)..........................................................................9

6

7

Fed. R. Civ. P. 42(a) .............................................................................13

8

**Other Authorities**

9

H.R. Rep. No. 104-369 (1995) (Conf. Rep.),
        as reprinted in 1995 U.S.C.C.A.N. 730......................................................4, 11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 1:30 p.m. on April 16, 2020, or on a date and at a time set by the Court, before the Honorable Richard Seeborg, United States District Judge, in Courtroom 3, 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, The Arbitrage Fund, Water Island Merger Arbitrage Institutional Commingled Fund, LP, Morningstar Alternatives Fund a series of Morningstar Funds Trust, Litman Gregory Masters Alternative Strategies Fund, Columbia Multi-Manager Alternative Strategies Fund, Water Island Diversified Event-Driven Fund, Water Island LevArb Fund, LP and Water Island Long/Short Fund (collectively, the "Water Island Funds") will respectfully move the Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), as follows:  (1) appointing the Water Island Funds as Lead Plaintiffs for a proposed class consisting of all public shareholders of record, other than the defendants, that held securities of Pattern Energy Group Inc. ("Pattern Energy" or the "Company") as of January 31, 2020 (the "Class");[1] (2) approving the Water Island Funds' selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Susman Godfrey L.L.P. ("Susman Godfrey") to serve as Co-Lead Counsel for the Class; (3) consolidating all subsequently filed, removed or transferred related actions pursuant

---

[1] The Water Island Funds filed an action in the United States District Court for the District of Delaware on behalf of the same putative Class, *The Arbitrage Fund, et al. v. Pattern Energy Group Inc., et al.*, Civ. No. 1:20-cv-00275-MN (the "Water Island Action"). Two other class actions were also filed in the United States District Court for the District of Delaware, captioned *Baum v. Pattern Energy Group Inc., et al.*, Civ. No. 1:19-cv-02360-MN, and *Thompson v. Pattern Energy Group Inc., et al.*, Civ. No. 1:19-cv-02369-MN.

to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) providing for any such further relief as the Court may deem just and proper.[2]

This Motion is made on the grounds that appointment of the Water Island Funds as Lead Plaintiffs, approval of their selection of Co-Lead Counsel and consolidation of all subsequently filed, removed or transferred related actions is appropriate under Rule 42(a) and the PSLRA. The Water Island Funds respectfully submit that they are the "most adequate plaintiff[s]" under the PSLRA and are, therefore, entitled to be appointed Lead Plaintiffs. Specifically, the Water Island Funds submit that they have the "largest financial interest" in the relief sought by the Class in this action given, among other things, their substantial holdings in Pattern Energy common stock. The Water Island Funds also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims and because they will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, the Seltzer Declaration, the pleadings and other filings in this litigation, and such additional written or oral argument as may be permitted by the Court.

## STATEMENT OF ISSUES

1.      Whether the Court should appoint the Water Island Funds as Lead Plaintiffs, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i);

---

[2] The Certification reflecting the Water Island Funds' holdings in Pattern Energy Class A common stock as of January 31, 2020 is attached as Exhibit A to the Declaration of Marc M. Seltzer in Support of the Water Island Funds' Motion ("Seltzer Declaration" or "Seltzer Decl.").

2.      Whether the Court should approve the Water Island Funds' selection of counsel, Entwistle & Cappucci and Susman Godfrey, as Co-Lead Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and

3.      Whether the Court should consolidate all subsequently filed, removed or transferred related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      PRELIMINARY STATEMENT

The Water Island Action alleges violations of Sections 14(a) and 20(a) of the Exchange Act, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, against Pattern Energy, Pattern Energy Group 2 LP d/b/a Pattern Development ("Pattern Development"), Pattern Energy's Board of Directors (the "Board" or the "Individual Defendants" and, collectively with Pattern Energy and Pattern Development, "Defendants") on behalf of the Water Island Funds and other public shareholders of record of Pattern Energy as of January 31, 2020 who are entitled to vote on the proposed merger between Pattern Energy and Canada Pension Plan Investment Board ("CPPIB") (the "Proposed Transaction").[3]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Specifically, the Court is required to determine which "person or group of persons" has the "largest financial

---

[3] Of the four putative class actions filed to date, the Water Island Action is the only action to assert claims against Pattern Development and to describe the facts and circumstances related to Pattern Development's involvement in the Proposed Transaction.  It is also the only action to describe the interconnected relationship between Pattern Energy, Pattern Development and Riverstone (defined below), and the related omissions in the Proxy (defined below) concerning the sale of Pattern Development, among other things.

interest" in the relief sought by the Class in this litigation, and also whether such movant makes a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Water Island Funds respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiffs. The Water Island Funds collectively held *2,315,696* shares of Pattern Energy Class A common stock as of January 31, 2020, the record date for eligibility to vote on the Proposed Transaction, which represents the largest known financial interest in the relief sought by the Class. *See* Seltzer Decl., Ex. A.

In addition to asserting the largest financial interest in this litigation, the Water Island Funds satisfy the relevant requirements of Rule 23 because they will fairly and adequately represent the interests of the Class. The Water Island Funds have already demonstrated they will protect the interests of the Class by engaging in a thorough investigation into background facts concerning the Proposed Transaction, and by the related drafting and filing of the Water Island complaint.

Moreover, as sophisticated institutional investors with substantial experience serving successfully as lead plaintiffs in prior class action litigation under the PSLRA, the Water Island Funds are the prototypical lead plaintiffs envisioned by Congress to represent shareholders in securities class actions. *See* H.R. Rep. No. 104-369, at *34 (1995) (Conf. Rep.), as reprinted in 1995 U.S.C.C.A.N. 730, 733 ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Accordingly, the Water Island Funds have both the incentive and ability to direct this litigation.

Further, the Water Island Funds fully understand the lead plaintiffs' obligations to the Class under the PSLRA, and are willing and able to undertake the

4

1    responsibilities entailed in acting as Lead Plaintiffs to guarantee vigorous prosecution
2    of the litigaion.

3         Finally, the Water Island Funds have selected Entwistle & Cappucci and
4    Susman Godfrey, law firms with substantial experience in successfully prosecuting
5    securities class actions, to serve as proposed Co-Lead Counsel for the Class.
6    Accordingly, the Water Island Funds respectfully request that their selection of
7    Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel for the Class, be
8    approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

9    ## II.    STATEMENT OF FACTS

10        As described more fully in the complaint filed by the Water Island Funds,
11   Pattern Energy is a U.S.-based, independent renewable power company that operates
12   utility scale wind and solar facilities throughout the U.S., Canada and Japan. *See*
13   Seltzer Decl., Ex. B, ¶ 25. Pattern Energy, as well as its privately-held sister company
14   Pattern Development, were formed and controlled by private equity firm Riverstone
15   Holdings LLC ("Riverstone") in 2012. *Id.*  ¶ 26. After Riverstone sold out of its
16   position in Pattern Energy in 2018, it purported to still exercise control over the
17   Company via a series of contractual arrangements with Pattern Development that
18   limited Pattern Energy's ability to merge with any third party without first receiving
19   Pattern Development's (and therefore Riverstone's) consent (the "Consent
20   Agreement"). *Id.*  ¶¶ 4, 33-34.

21        On November 3, 2019, the Board caused Pattern Energy to enter into the
22   Proposed Transaction pursuant to which Pattern Energy's shareholders of record as
23   of the effective date would receive $26.75 in cash for each share of Pattern Energy
24   stock owned (the "Merger Consideration"). *Id.* ¶ 2. To solicit shareholder approval
25   for the Proposed Transaction, the Board caused Pattern Energy to issue an allegedly
26   materially misleading and incomplete proxy statement on February 4, 2020 (the

"Proxy"). *Id.* ¶¶ 5-7.  Among other things, the Water Island Funds' complaint alleges that the Proxy fails to disclose:

- Whether bidders were told that the sale of Pattern Energy was conditioned on the acquisition of Pattern Development;

- Whether the purported Consent Agreement had a chilling effect on bidders, especially those who already had development arms and had no need for Pattern Development;

- The financial terms of all bids for Pattern Development made concurrently with a bid for Pattern Energy;

- The details of the negotiations by Pattern Energy's management to retain their employment at Pattern Energy and Pattern Development;

- The economic interest of Pattern Energy's management in Pattern Development, including any change-of-control payments and acceleration of equity awards and long-term incentive plans as a result of CPPIB's concurrent acquisition of Pattern Development; and

- The value placed on Pattern Energy's 29% equity stake in Pattern Development under the Proposed Transaction.

*See id.* ¶¶ 5, 7.  Without this information, Pattern Energy's shareholders are unable to assess whether the Merger Consideration constitutes fair value for their shares, to assess the value of Pattern Energy as a standalone company or to determine how much more bidders would have paid for just Pattern Energy.

The Proxy also omits material details pertaining to interested parties to the Proposed Transaction and vital valuation metrics for the deal.  *See id.* ¶ 8. In this regard, the Water Island Funds' complaint alleges that the Proxy contains incomplete and misleading information concerning the Company's financial projections

1   prepared by Pattern Energy management, and the financial analysis conducted by

2   Pattern Energy's financial advisor on the deal, Evercore Group L.L.C.  *See id.*

3   ## III.   THE WATER ISLAND FUNDS SHOULD BE APPOINTED LEAD PLAINTIFFS

4

5       The PSLRA provides a sequential procedure for selecting a lead plaintiff for

6   private actions arising under the Exchange Act.  *See* 15 U.S.C. § 78u-4(a)(l); *see also*

7   15 U.S.C. § 78u-4(a)(3)(B).

8       In adjudicating lead plaintiff motions, the presumptive "most adequate

9   plaintiff" is the "person or group of persons" that has timely made a motion for

10  appointment, possesses the "largest financial interest" in the relief sought by the class

11  and otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-

12  4(a)(3)(B)(iii)(I).  The presumption that the "most adequate plaintiff" is the movant

13  with the largest financial interest may be rebutted only by a showing that the

14  presumptively most adequate plaintiff "will not fairly and adequately protect the

15  interests of the class" or "is subject to unique defenses that render such plaintiff

16  incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

17  ### A.   The Water Island Funds' Motion Is Timely

18      The Court's selection of the Lead Plaintiff is limited to those members of the

19  Class who filed a complaint or filed a motion for appointment as Lead Plaintiff.  *See*

20  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Such motions must be filed within 60 days of

21  the publication of notice that the first action asserting substantially the same claims

22  has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).

23      On January 17, 2020, Plaintiff Phillip Kreiger caused a notice of the pendency

24  of *Philip Kreiger v. Pattern Energy Group Inc., et al.*, Case No. 3:19-cv-08437-RS

25  (N.D. Cal.), to be published on *PR Newswire*, alerting investors that the deadline to

26  seek appointment as Lead Plaintiff was no later than 60 days from the date of the

27

28

notice, *i.e.*, March 17, 2020.  *See* Seltzer Decl., Ex. C.  The Water Island Funds have therefore timely moved for appointment as Lead Plaintiffs.

**B.     The Water Island Funds Have The Largest Financial Interest In The Relief Sought By The Class**

The Water Island Funds should be appointed Lead Plaintiffs because they have the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  As demonstrated by the certification filed herewith, the Water Island Funds collectively held *2,315,696* shares of Pattern Energy Class A common stock as of January 31, 2020, the record date for eligibility to vote on the Proposed Transaction.  *See* Seltzer Decl., Ex. A.  To the best of the Water Island Funds' knowledge, there are no other movants who have sought, or are seeking, Lead Plaintiff appointment that have a larger financial interest arising from transactions or holdings in Pattern Energy common stock.  Accordingly, the Water Island Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff."   15 U.S.C. § 78u-4(a)(3)(B)(iii).

**C.     The Water Island Funds Satisfy The Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the Water Island Funds "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  The party moving for lead plaintiff need only make a preliminary showing of the typicality and adequacy prongs of Rule 23(a) – those that directly address the personal characteristics of the class representative – and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002) (vacating order appointing lead plaintiff); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *3 (C.D. Cal. May 2, 2006) (granting motion for consolidation of related cases, appointment of lead plaintiff, and appointment of class counsel); *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136

F. Supp. 3d 1159, 1165 (C.D. Cal. 2015). As detailed below, the Water Island Funds plainly satisfy the typicality and adequacy requirements of Rule 23 and are thus qualified to serve as Lead Plaintiffs.

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). The "test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Petersen v. Costco Wholesale Co., Inc.*, No. SA CV 13-1292-DOC (JCGx), 2016 WL 6768911, at *3 (C.D. Cal. Nov. 15, 2016) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (denying motion to decertify class).

The typicality requirement is easily satisfied here. The Water Island Funds seek the same relief as the Class based on the same factual allegations and legal theories. Like other members of the Class, the Water Island Funds held Pattern Energy common stock on the record date and will be harmed if the shareholder vote on the Proposed Transaction is allowed to proceed. Because their claims are "based on the same statutes, rules and legal theory, and arise from the same course of conduct" by Defendants in issuing a false and misleading Proxy, the Water Island Funds satisfy the typicality requirement of Rule 23. Because there are well-defined common questions of law and fact in this case, the claims asserted by the Water Island Funds are typical of the claims of the members of the proposed Class. *See Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 667 (C.D. Cal. 2005) (finding typicality requirement met when the proposed Lead Plaintiff "submitted a sworn certification indicating that he [traded the company's] securities and suffered losses during the class period."). Thus, the Water Island Funds' claims are typical of those of other Class members.

The Water Island Funds likewise meet the adequacy of representation requirement of Rule 23(a)(4), as they will "fairly and adequately protect the interests

of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA directs the Court to limit its adequacy inquiry to the existence of any conflict between the interests of the Water Island Funds and the members of the Class. Thus, in determining whether adequacy under Fed. R. Civ. P. 23(a)(4) is satisfied, the Court inquires whether a proposed Lead Plaintiff has "a sufficient interest in the outcome of the case" and a "willingness . . . to vigorously prosecute the action." *Tanne*, 226 F.R.D. at 667-68. The Court also "assess[es] whether [the proposed Lead Plaintiff] has interests antagonistic to the class, and whether his counsel have the necessary capabilities and qualifications." *Id*.

The Water Island Funds satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class' claims. In fact, the Water Island Funds have already taken significant steps to demonstrate their adequacy by:

- investigating significant background facts concerning the Proposed Transaction; and

- drafting and filing the Water Island Funds' complaint.

*See id.* (noting the filing of a complaint evidences lead plaintiffs' interest in vigorously representing the class).

The Water Island Funds have also demonstrated their adequacy through their retention of Entwistle & Cappucci and Susman Godfrey to investigate the Class' claims and act as Co-Lead Counsel for the Class. As discussed more fully below, Entwistle & Cappucci is highly qualified and experienced in securities class action litigation, having repeatedly demonstrated an ability to prevail in complex securities class action cases. Susman Godfrey likewise has extensive experience litigating complex class actions and a record of success in this area.

1

2

**D.     The Water Island Funds Satisfy the PSLRA's Preference for Institutional Leadership**

Courts in this Circuit and others have noted a Congressional preference to appoint institutional investors, such as the Water Island Funds, as Lead Plaintiffs in federal securities class actions. *See, e.g., Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("[C]ourts have found that small groups whose members have suffered substantial losses . . . are suitable lead plaintiffs."). In addition to satisfying the technical requirements of Rule 23, the Water Island Funds are precisely the type of investor Congress, through the enactment of the PSLRA, encouraged to assume a more prominent role in securities litigation. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730. As Congress explained in its PSLRA Statement of Managers Report, the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]." *Id.* Congress desired institutional investors to serve as lead plaintiffs in part, because "[i]nstitutional investors . . . with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *Id.*

The Water Island Funds are an affiliated group of investment entities that are all managed by the same registered investment advisor, Water Island Capital, LLC. Water Island Capital, LLC is a corporation with billions of dollars in assets under management that provides investment advisory services to funds, as well as institutional and private wealth management investors. Appointing the Water Island Funds as Lead Plaintiffs would therefore satisfy the PSLRA's aim of having the Class represented by an institutional investor with a significant stake in the outcome of the litigation.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   THE COURT SHOULD APPROVE THE WATER ISLAND FUNDS' SELECTION OF CO-LEAD COUNSEL

The Court should approve the Water Island Funds' selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel for the Class.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  The Court should not disturb the lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, the Water Island Funds have chosen proposed Co-Lead Counsel with extensive experience and a demonstrated history of success in numerous important actions on behalf of defrauded investors, and their selection of counsel should be approved.

Entwistle & Cappucci is among the preeminent securities class action law firms in the country.  *See* Seltzer Decl., Ex. D.  The firm has extensive experience successfully prosecuting large and complex class actions and has distinguished itself in successfully pursuing nationwide class actions against well-funded opponents, including large corporations and financial institutions.  Entwistle & Cappucci has served in a leadership capacity in some of the highest-profile securities litigation matters in recent years, recovering over $4 billion for its clients and other investors.

Entwistle & Cappucci's recent successes include *In re Cobalt International Energy, Inc. Securities Litigation*, No. 14-cv-3428 (S.D. Tex.).  In *Cobalt*, Entwistle & Cappucci, as court-appointed co-lead counsel for the class, achieved settlements totaling $173.8 million in cash, plus up to $161.5 million payable from the proceeds of management liability policies which are subject to ongoing litigation led by the firm.  Other significant cases in which Entwistle & Cappucci served in a leadership capacity and obtained significant recoveries on behalf of the respective classes are set forth in the firm résumé attached as Exhibit D to the Seltzer Declaration.

Additionally, since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of class actions and other complex commercial disputes

12

1   in courts throughout the country.  Susman Godfrey's practice is dedicated exclusively

2   to litigating and trying lawsuits.  The firm has represented clients in some of the

3   largest and most complex cases ever litigated, and has demonstrated that it has the

4   ability and resources to handle those cases effectively and efficiently.

5       Susman Godfrey's experience, track record of success and staying power are

6   reflected in its wide recognition as one of the nation's leading trial firms, including

7   by The American Lawyer in its first-ever "Litigation Boutique of the Year"

8   competition and, more recently, being named in 2017 as Law360's "Class Action

9   Group of the Year," ranked in 2010-2019 by Vault as "No. 1 Litigation Boutique of

10  the Year," and listed as one of the "top 20 Trial Firms" by Benchmark Litigation.

11      Susman Godfrey has handled numerous private and class action cases resulting

12  in highly significant recoveries for defrauded investors.  Susman Godfrey will also

13  provide the members of the Class with unparalleled legal representation throughout

14  the course of this litigation.  *See* Seltzer Decl., Ex. E.

15      The Court may be assured that granting this Motion will provide the Class with

16  the highest caliber of legal representation.  Accordingly, the Court should approve

17  the Water Island Funds' selection of Entwistle & Cappucci and Susman Godfrey as

18  Co-Lead Counsel for the Class.

19  **V.   THE COURT SHOULD CONSOLIDATE ALL SUBSEQUENTLY FILED, REMOVED OR TRANSFERRED RELATED ACTIONS**

20      The Court retains broad discretion under Federal Rule of Civil Procedure 42(a)

21  to consolidate cases in the same district when the actions involve common questions

22  of law or fact.  *See* Fed. R. Civ. P. 42(a); *see also Felix v. Symantec Corp.*, No. 18-

23  02902 WHA, 2018 WL 4029053, at *1 (N.D. Cal. Aug. 23, 2018).  Courts in this

24  Circuit have recognized that securities class actions are particularly amenable to

25  consolidation pursuant to Rule 42(a) in order to, among other things, reduce

26  duplication and minimize the expenditure of time and money for all parties.  *See*

27

28

13

NOTICE OF MOTION, MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS
CASE NO. 3:19-CV-8437

*Hardy v. MabVax Therapeutics Holdings*, No. 18-cv-01160, 2018 WL 4252345, at *1 (S.D. Cal. Sept. 6, 2018).

The interests of judicial economy and those of the Class are best served by consolidation of any subsequently filed, removed or transferred related actions under Rule 42(a) of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

For the reasons discussed above, the Water Island Funds respectfully request that the Court issue an Order: (1) appointing the Water Island Funds as Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); (2) approving the Water Island Funds' selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel for the Class; (3) consolidating any subsequently filed, removed or transferred related actions; and (4) providing for any such further relief as the Court may deem just and proper.

Dated: March 6, 2020                    Respectfully submitted,
                                        MARC M. SELTZER
                                        SUSMAN GODFREY L.L.P.

                                        ANDREW J. ENTWISTLE
                                        VINCENT R. CAPPUCCI
                                        JONATHAN H. BEEMER
                                        JESSICA A. MARGULIS

                                        ENTWISTLE & CAPPUCCI LLP

                                        By:   */s/ Marc M. Seltzer*

                                            Marc M. Seltzer

                                        *Counsel for Proposed Lead Plaintiffs the*
                                        *Water Island Funds and Proposed Co-Lead*
                                        *Counsel for the Class*

14